**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-8157**
_____

UNITED STATES OF AMERICA,

          Petitioner - Appellee,

     v.

GERALD WAYNE TIMMS,

          Respondent - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.   (5:08-hc-02156-BO)

_____

Submitted: July 29, 2013        Decided: August 9, 2013

_____

Before TRAXLER, Chief Judge, and MOTZ and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

William Woodward Webb, Sr., THE EDMISTEN, WEBB AND HAWES LAW FIRM, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Rudy A. Renfer, Jr., Edward D. Gray, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Wayne Timms appeals the district court's order denying his motion for a new civil commitment hearing pursuant to Fed. R. Civ. P. 59(a)(2). We have reviewed the record and affirm.

In 2008, the Government initiated civil commitment proceedings against Timms by certifying him as a "sexually dangerous person" pursuant to 18 U.S.C. § 4248(a) (2006). After a hearing in 2011, the district court dismissed the case, finding that § 4248 was unconstitutional as applied to Timms. We reversed and remanded with instructions that the district court "determine on the merits whether Timms meets the § 4248 criteria for being declared a 'sexually dangerous person.'" United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012).

On remand, the district court entered an order civilly committing Timms as a "sexually dangerous person." Specifically, the district court determined that the Government established by clear and convincing evidence that Timms engaged in sexually violent conduct in the past and that he suffers from pedophilia, a serious mental disorder. Further, the district court determined that Timms would have serious difficulty in refraining from re-offending if released. This finding was based on expert witness testimony, as well as "Timms' continued violations while incarcerated, his refusal to accept

2

responsibility for his past conduct, and his lack of sex offender treatment." (J.A. 307-08).[*]

Timms filed a motion for a new hearing pursuant to Fed. R. Civ. P. 59(a)(2), arguing that a new hearing was "necessary to prevent manifest injustice." (J.A. 309). On December 12, 2012, the district court denied Timms' motion, finding that Timms "identified no sufficient basis upon which the [c]ourt might find that the evidentiary hearing in this matter was unfair or that a manifest injustice has resulted from it." (J.A. 317). Timms appeals, asserting that the district court abused its discretion in denying his motion because the absence of his own testimony and the disproportionate allotment of expert witnesses at his trial resulted in manifest injustice.

We review for abuse of discretion the district court's denial of the motion for a new hearing. United States v. Ibisevic, 675 F.3d 342, 349 (4th Cir. 2012). Rule 59(a)(2), Fed. R. Civ. P., states that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." At the conclusion of a bench trial, "a motion for rehearing 'should be based upon manifest error of law or

_____

[*] "J.A." refers to the joint appendix filed by the parties.

3

mistake of fact, and a judgment should not be set aside except for substantial reasons.'"  Williams v. Hous. Auth. of Raleigh, 595 F. Supp. 2d 627, 630 (E.D.N.C. 2008) (quoting Wright & Miller, Federal Practice and Procedure § 2804 (2d ed. 2005)); see also Ball v. Interoceanica Corp., 71 F.3d 73, 76 (2d Cir. 1995) (stating same standard).  Further, "a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result."  United States v. Carolina E. Chem. Co., 639 F. Supp. 1420, 1423 (D.S.C. 1986) (citing Wright & Miller, Federal Practice and Procedure § 2805).

Timms has failed to identify any cognizable error with regard to the absence of his testimony at the hearing.  Notably, Timms does not argue, nor is there any evidence to suggest, that the district court prohibited him from testifying.  Rather, Timms asserts that "[it] is manifestly unjust for the [c]ourt not to evaluate [his] in-person testimony in reaching its decision of sexual dangerousness."  We disagree.  An individual in a civil commitment hearing is not required to testify, but must "be afforded an opportunity to testify."  See 18 U.S.C. § 4247(d) (2006).  Timms was afforded an opportunity to testify, but chose not to.  We therefore find no error in the district court reaching its conclusion without hearing in-person testimony by Timms.

4

Timms has also failed to identify any error resulting from the disproportionate number of expert witnesses at the hearing. Timms did not request an additional expert witness prior to his hearing, as he was permitted to do pursuant to 18 U.S.C. § 4247(b) (2006). Rather, Timms presented the expert testimony of Dr. John Warren, and waited until after the hearing to request the appointment of a second expert. Moreover, Timms did not raise any objections during the hearing concerning the disproportionate number of expert witnesses. We thus find no error with regard to the number of expert witnesses who testified at Timms' hearing.

Finally, we find unpersuasive Timms' argument that it was manifestly unjust that Dr. Warren, his expert witness, did not conduct an in-person examination of him. Dr. Warren was able to review Timms' medical records, along with records of the Department of Social Services and other data pertaining to Timms' history and psychological condition. Moreover, Timms did not object, before or during the hearing, to Dr. Warren's failure to personally examine him. Thus, this claim lacks merit.

Accordingly, we conclude that the district court did not abuse its discretion in denying Timms' motion for a new hearing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before the court and argument would not aid the decisional process.

AFFIRMED